IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-15-044 |
| | § | |
| HENRY ORTIZ, JR. | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention pending trial and the Defendant waived his right to a detention hearing. That waiver of detention hearing is entered in the record as Dkt. No. 54 . I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the

    community. I further find that the defendant has not rebutted this presumption.

[X] B. Findings of Fact [18 U.S.C. § 3142(e)]

 [X] (1) There is probable cause to believe that the defendant has committed an offense

  [ X ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
  (X ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

  [ ] under 18 U.S.C. § 924(c).

[ X] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required or the safety of the community.

[X] C. Findings of Fact [18 U.S.C. § 3142(f)(2)]

 [X] (1) Defendant is accused of conspiracy to possess with intent to distribute a controlled substance.

 [X] (2) There is a serious risk that the defendant will flee.

 [X] (3) Defendant represents a danger to the community.

 [ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X] D. Findings of Fact [18 U.S.C. § 3142(c)]

 [ ] (1) As a condition of release of the defendant, bond was set as follows:

 [ ] (2)

 [X] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. 3142(c) which will reasonably assure the appearance of the defendant as required.

 [X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of the community.

<u>Written Statement of Reasons for Detention</u>

I find that the accusations in the indictment establish by a preponderance of the evidence that

no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that there is no condition or combination of conditions of release that would reasonably assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 50-year old resident of Houston, Texas. His mother and father live in the Houston area but he only has contact with his mother. He was married from 2000-2012 but has no children with his former wife. He has two children from other relationships, one of which is minor for whom he pays voluntary child support. He denies possessing a passport or firearms.

2. Defendant's criminal history includes multiple arrests for which disposition information is unavailable, and convictions for burglary of a vehicle, theft, possession of a firearm by a felon, and manufacture and delivery of a controlled substance. He was on parole at the time of his arrest.

3. Defendant is charged with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. He faces a potential penalty of 10 years to life in prison.

4. Defendant has not rebutted the statutory presumptions that he is a flight risk and a danger to the community.

5. There is no condition or combination of conditions of release which would assure defendant's appearance in court or the safety of the community. Detention is ordered.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas on April 28, 2015.

_Stephen Wm Smith_
Stephen Wm Smith
United States Magistrate Judge